IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| GIASEMI KARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-1288-DWD |
| | ) |
| BANK OF WHITTINGTON/ | ) |
| WHITTINGTON BANCORP, INC., | ) |
| MOHAMMAD ARDEHALI, and | ) |
| CITY OF BENTON, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

Plaintiff Giasemi N. Karnes has filed suit Defendants Whittington Bancorp Inc./ Bank of Whittington, Mohammad Ardehali, and the City of Benton. According to her amended complaint, Plaintiff rented property from Mohammad Ardehali who owned approximately 30 properties. It is not clear when the lease began, but in 2017 the City of Benton turned off water to her rental home, allegedly in violation of a city ordinance. In July 2020, the Bank of Whittington foreclosed on several homes owned by Mohammad Ardehali, including the home Karnes rented. She claims that "Mohammad Ardehali knew that [she] had bad health problems enough to be considered disabled yet still got into a fraudulent transaction knowing the property … would soon be foreclosed." (Doc. 12, p. 5). At some point after the foreclosure, the bank told the City of Benton it would not turn on water at Plaintiff's rental home.

As a result of all these actions, Plaintiff at some point had to pay for showers at a

truck stop and had to rely on another Benton resident, who assaulted her, for hot water. She maintains that these actions feel like discrimination to her under the ADA and that they violate her right to running water under the Fair Housing Act. She further maintains that Defendants have violated her rights to water, sanitation, and adequate housing and food, citing to articles of the United Nations' International Bill of Rights.

Plaintiff moves for leave to proceed *in forma pauperis*. (Doc. 10) Two matters must be resolved before *in forma pauperis* status can be granted: the plaintiff must show that she is indigent by submitting an affidavit "that includes a statement of all assets [she] possesses [showing] that [she] is unable to pay such fees or give security therefor," and the plaintiff's complaint must state a claim upon which relief may be granted. 28 U.S.C. § 1915(a)(1), (e)(2). Plaintiff seems to clear the first hurdle, so the Court must consider whether her complaint comports with the requirements of Federal Rule of Civil Procedure 8.

For a plaintiff to state a claim under Rule 8, she must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This requirement is primarily concerned with notice – putting a plaintiff to the paces of pleading some facts gives the defendants enough foreknowledge of what they are being accused of so that they can capably mount a response. *See United States ex. Rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003). As a preliminary matter, this Court lacks jurisdiction to enforce the International Bill of Rights, so those claims do not state a claim under Rule 8.

As to her remaining claims, the amended complaint does not explain the essential

parts of Plaintiff's claims. A successful claim tends to explain the who, what, when, where, why, and how of each alleged violation. Plaintiff seemingly claims that her water was turned off in 2017, but she places the blame for her water shutoff on actions that occurred after the Bank of Whittington foreclosed on her landlord in July 2020. Perhaps, her water was turned off a second time, but it is unclear as pleaded.

Further, Plaintiff alleges that she "feels as though" it is discrimination under the ADA to have her water turned off by the City of Benton in 2017, but there is no allegation that the City of Benton turned off her water *because* of her disability, as is generally required for an ADA claim. It also is unclear when Plaintiff's lease began, leaving it unclear whether she has alleged that her landlord took advantage of her because of her disability by entering into a lease close in time to losing the property to foreclosure.

Simply put, Karnes claims fail to satisfy the notice-pleading requirements of Rule 8. Accordingly, her amended complaint (Doc. 12) **DISMISSED without prejudice** with leave to amend. On or before April 20, 2021, Plaintiff shall file a second amended complaint that clearly explains the timeframe, facts, and legal basis for her claims, that is the who, what, when, where, how, and why behind her allegations. Failure to do so will result in dismissal of this action for failure to abide by a court order pursuant to Federal Rule of Civil Procedure 41(b).

    **SO ORDERED.**
    Dated: March 31, 2021

                                            DAVID W. DUGAN
                                            United States District Judge